USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

THE CITY OF NEW YORK,

        Plaintiff,

- against -

TAVERN ON THE GREEN, L.P., and
LEROY ADVENTURES, INC.,

        Defendants.

09 Civ. 9224 (MGC)

------------------------------------------------------------X

TAVERN ON THE GREEN, L.P., and
LEROY ADVENTURES, INC.,

        Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF PARKS &
RECREATION,

        Defendants.

09 Civ. 9254 (MGC)

~~[PROPOSED]~~ ORDER   MGC

------------------------------------------------------------X

        WHEREAS, on or about May 12, 1981, the predecessor of Tavern on the Green, Limited Partnership ("TOG") registered the trademark "Tavern on the Green" for "Restaurant Services" (Registration No. 1,154,270) with the United States Patent & Trademark Office (the "Restaurant Services Mark");

        WHEREAS, on or about April 11, 2007, TOG filed an application with the United States Patent & Trademark Office to register the name "Tavern on the Green" for oils for cooking and for food, namely, flavored oils and dipping oils, for which the United States Patent & Trademark Office issued a registration (Registration No. 3,494,658) on September 2, 2008 (the "Cooking Oil Registration");

WHEREAS, on September 9, 2009, TOG and LeRoy Adventures, Inc. ("LeRoy") (collectively the "Debtors") each filed voluntary petitions for reorganization with the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to Chapter 11 of the Bankruptcy Code (Case No. 09-15450 (ALG) and Case No. 09-15448 (ALG));

WHEREAS, on or about October 21, 2009, the City of New York and the New York City Department of Parks and Recreation (collectively the "City") commenced an adversary proceeding (the "City's Adversary Proceeding") against the Debtors (09 Civ 9224) containing four claims for relief:

    A.    Claim One: for a declaratory judgment that the City is the exclusive owner of the Restaurant Services Mark and Cooking Oil Registration;

    B.    Claims Two through Four: to cancel the Restaurant Services Mark and the Cooking Oil Registration or, alternatively, to require TOG to assign the Mark and Cooking Oil Registration to the City;

WHEREAS, on or about October 21, 2009, the Debtors commenced an adversary proceeding (the "Debtors' Adversary Proceeding") against the City seeking, inter alia, a judgment that the Debtors are the exclusive owners of the Restaurant Services Mark;

WHEREAS, on or about December 4, 2009, the United States District Court for the Southern District of New York withdrew the reference to the Bankruptcy Court of the City's Adversary Proceeding and the Debtor's Adversary Proceeding;

WHEREAS, the City and the Debtors each moved for summary judgment on all of the respective claims each affirmatively raised in the above-mentioned adversary proceedings;

WHEREAS, this Court issued an opinion and order dated March 10, 2010 (the "March 10 Order"): (a) denying the Debtors' motion for summary judgment on all of its claims; (b) granting the City's motion for summary judgment to the extent of (i) declaring that the City

has the right, under New York law, to the trade name "Tavern on the Green" for its historic restaurant in Central Park, New York and (ii) canceling the Restaurant Services Mark on the grounds of fraud; and (c) denying as premature the balance of the City's motion;

WHEREAS, on or about March 10, 2010, the Bankruptcy Court converted the Debtors' Chapter 11 bankruptcy cases to Chapter 7 bankruptcy cases;

WHEREAS, on or about March 11, 2010, Jil Mazer-Marino, Esq. (the "Trustee"), was appointed as interim Chapter 7 Trustee for the Debtors;

WHEREAS, on or about March 22, 2010, counsel for the City and Meyer, Suozzi, English & Klein, P.C., counsel for the Trustee, submitted a Stipulation to the Court jointly requesting, inter alia, that this Court modify the March 10 Order to (a) grant the City the alternative relief of an assignment of the Restaurant Services Mark and any good will appurtenant thereto from TOG to the City, subject to provisions restraining its use pending appeal and preserving the rights of the parties to appeal all aspects of this order and corresponding judgment including the propriety, breadth and extent of the order and judgment directing the assignment of the Restaurant Services Mark to the City; (b) delete the portion of the March 10 Order that provides for the cancellation of the Restaurant Services Mark, and (c) enter a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on the part of this Court's determination granting the City summary judgment (i) declaring that the City has the right, under New York law, to the trade name "Tavern on the Green" for its historic restaurant in Central Park, New York; and (ii) determining that the Restaurant Services Mark was procured by fraud and further granting the City's request for an assignment of the Restaurant Services Mark from TOG to the City.

AND the Court having considered all papers filed and proceedings had herein and good cause appearing therefore, it is hereby

ORDERED that the March 10 Order is amended as set forth below:

(1) The provision in the March 10 Order cancelling the Restaurant Services Mark is hereby deleted and the Court directs that the Restaurant Services Mark and any good will appurtenant thereto be assigned from TOG to the City;

(2) The Debtors' claims that the Debtors have rights to the Restaurant Services Mark are hereby dismissed;

(3) Pursuant to Fed. R. Civ. P. 54(b), the Court expressly determines that there is no just reason for delaying the entry of final judgment and hereby directs entry of a final judgment as to its (a) declaration that the City has the right, under New York law, to the trade name "Tavern on the Green" for its historic restaurant in Central Park, New York; (b) determination that the Restaurant Services Mark was procured by fraud and ordering the assignment of the Restaurant Services Mark and any good will appurtenant thereto from TOG to the City; and (c) dismissal of the Debtors' claims asserting the Debtors' rights to the Restaurant Services Mark, because (i) a prompt appeal of this matter will allow an expedited final determination of the parties' relative rights to the Restaurant Services Mark, and the City's right to the trade name "Tavern on the Green" for its historic restaurant in Central Park, New York; and (ii) a prompt appeal of this matter will likely expedite a global resolution of the entire case while preserving the value of the Restaurant Services Mark.

(4) The City and Trustee shall not take any action or intended action (a) to sell, exchange, barter, assign, transfer, give, or otherwise dispose of the

4

Restaurant Services Mark, (b) to pledge, escrow, hypothecate, mortgage, grant or create a security interest in or lien upon, or otherwise voluntarily or involuntarily encumber the Restaurant Services Mark, or (c) to transfer any interest in the trademark, including, without limitation, any licensing rights to the Restaurant Services Mark, except: (i) to the extent set forth in a writing signed by the City and the Trustee and (ii) the City and its concessionaires may, pending the outcome of the appeal of the final judgment entered pursuant to this order under Rule 54(b) of the Federal Rules of Civil Procedure, continue to use the name "Tavern on the Green" as the name of its historic restaurant in Central Park, New York;

(5) Discovery of the litigation over the Cooking Oil Registration shall be stayed for sixty (60) days.

Dated: April 8, 2010

SO ORDERED:

_____
Hon. Miriam G. Cedarbaum
United States District Judge

761748